## Case No. 12,510.

### SCOFIELD v. MOORHEAD.

[2 N. B. R. 1 (Quarto, 1).] [1]

District Court, S. D. New York. June 29, 1868.

BANKRUPTCY—COSTS OF EXAMINATION OF WITNESSES—BY WHOM PAID.

When witnesses are produced before the register, each party must pay for the direct examination of his own witnesses, and for such cross-examination as he may make of the witnesses of the adverse party.

[Criticised in Re Noyes, Case No. 10,370.]

By JAMES F. DWIGHT, Register:

In the course of the proceedings before me, arose a question pertinent to the proceedings, which was stated by the counsel on both sides, as appears by the papers hereto attached, which is referred to the court for decision, under section 4 of the act [of 1867 (14 Stat. 519)]. On the 18th of May, by order of the court, a reference was made to the register "to take and certify to the court, with all convenient speed, all such testimony as shall be offered before him on the part of either the said Demetrius G. Scofield, Samuel L. Scofield or John M. Moorhead, upon the issues raised," in a petition of D. G. Scofield asking for adjudication in bankruptcy of himself and his firm consisting of others, Samuel L. Scofield and John M. Moorhead. John M. Moorhead denies the bankruptcy of the firm, and obtains a reference to take the testimony as aforesaid. Under the order, D. G. Scofield is examined by his own calling, and Moorhead cross-examines. Scofield's attorney claims that he is responsible only for the register's fees on the direct examination of his own witnesses, and Moorhead's attorney claims that Scofield is responsible for not only the register's fees in the examination of his own witnesses, but their cross-examination, and also primarily for all witnesses called by Moorhead, the contesting party, and their points are stated and hereto attached.

In my opinion Scofield is responsible only for the fees on the direct examination of his own witnesses. Each party the same, and

either party is responsible for all time occupied in examining witnesses for their benefit, whether direct or cross. Which is respectfully submitted.

BLATCHFORD, District Judge. I think the register is correct in his view. Under section 4 of the act the fees of the register must be paid to him by the party for whom the service is rendered, and under general order 29, the fees of the register must be paid or secured to him before he can be compelled to perform the duty required of him by the party requiring the service. Under these provisions, the taking of the direct examination of a witness is a service rendered for, and required by the party calling such witness, and the taking of the cross-examination of the same witness is a service rendered for, and required by the parties cross-examining such witness. This view applies to the matter only as between the register and the parties for whom he renders the services. Under general orders 29 and 31, and section 41 of the act, the court has power, in this case, to make such final disposition of the question of costs as the equity of the case shall demand.

[For subsequent proceedings in this litigation, see Case No. 12,509.]